UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURPREET S.,[1]

Petitioner,

v.

TONYA ANDREWS, Administrator of Golden State Annex; TODD LYONS, Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  1:25-cv-01997-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION**

**[10-DAY DEADLINE]**

Petitioner Gurpreet S. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) On January 9, 2026, the Court issued an order directing Respondents to file a response within thirty (30) days. (Doc. 6.) Over thirty (30) days have passed, and Respondents have failed to comply.

On February 11, 2026, Petitioner advised the Court of Respondents' failure and requested the matter be decided on the existing record. (Doc. 9.) The Court agrees and will so recommend.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

**DISCUSSION**

Petitioner is a citizen of India who entered the United States on April 10, 2023, without inspection. (Doc. 1 at 1.) He was briefly detained and released by Department of Homeland Security ("DHS") on an Order of Release on Recognizance ("ROR"). (Doc. 1 at 1.) Petitioner was placed on Alternative to Detention ("ATD") monitoring and mandated that he report periodically to Immigration and Customs Enforcement ("ICE"). (Doc. 1 at 1.) Petitioner remained fully compliant with ATD conditions. (Doc. 1 at 2.)

On August 13, 2023, ICE re-detained Petitioner without notice during a routine check-in. (Doc. 1 at 2.) ICE identified no violation of ATD, no changed circumstances, and no lawful basis for Petitioner's re-detention. (Doc. 1 at 2.) Petitioner claims Respondents have violated his substantive due process rights by subjecting him to mandatory detention under 8 U.S.C. § 1225(b). He further claims Respondents violated his procedural due process rights by re-detaining him without notice, opportunity to be heard, or any changed circumstances.

The Court has previously addressed the legal issues raised by the petition. See, e.g., J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Upon review of the pleadings, the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons set forth in those prior orders.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 12, 2026**              /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE

3